DocuSign Envelope ID: 71B3E784-FE1B-4071-A4C3-531BAC5C1BDC

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Minnesota Chamber of Commerce, *a Minnesota nonprofit corporation*, <br><br> Plaintiff, <br><br> vs. <br><br> John Choi, *in his official capacity as* County Attorney for Ramsey County, Minnesota; George Soule, *in his official capacity as* Chair of the Minnesota Campaign Finance and Public Disclosure Board; David Asp, *in his official capacity as* Vice Chair of the Minnesota Campaign Finance and Public Disclosure Board; Carol Flynn, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Margaret Leppik, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Stephen Swanson, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; and Faris Rashid, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board, <br><br> Defendants | Case No.: 0:23-cv-02015 <br><br><br><br><br><br><br><br><br> **DECLARATION OF ARCHIE C. BLACK IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

I, Archie C. Black, hereby declare:

      1.      I am currently the Chief Executive Officer of SPS Commerce ("SPS"). I have held this position since 2001.

2. In October 2023, I will become Executive Chairman of the Board of Directors of SPS.

3. SPS is incorporated under Delaware law and our principal executive offices are located in Minneapolis, Minnesota.

4. SPS is a publicly -traded company on the NASDAQ, ticker "SPSC," with over 36,500,000 common stock shares as of June 30, 2023, hundreds of thousands of which are traded weekly.

5. I am greatly concerned that the recently-amended Minnesota Statute section 211B.15 (the "statute"), prevents SPS from engaging in free speech by supporting important community and ballot initiatives.

6. The statute defines "foreign influenced corporation" to include any for-profit corporation or limited liability company with a foreign investor holding 1% or more in stock or with foreign investors who collectively own 5% or more in stock.

7. SPS, like many publicly traded corporations, very likely could meet that definition at any given time up to and through the 2024 general election because its stock is publicly traded and therefore ownership changes occur daily. SPS stock is constantly bought and sold on the NASDAQ. Consequently, it is quite possible that a foreign investor may own 1% or more in stock or that multiple foreign investors could own 5% or more in stock in SPS at any given time so that SPS would meet the statute's definition of "foreign influenced."

8. However, such limited holdings by foreign investors does not indicate that these foreign investors would have any involvement or influence in SPS's decision-making


2. In October 2023, I will become Executive Chairman of the Board of Directors of SPS.

3. SPS is incorporated under Delaware law and our principal executive offices are located in Minneapolis, Minnesota.

4. SPS is a publicly -traded company on the NASDAQ, ticker "SPSC," with over 36,500,000 common stock shares as of June 30, 2023, hundreds of thousands of which are traded weekly.

5. I am greatly concerned that the recently-amended Minnesota Statute section 211B.15 (the "statute"), prevents SPS from engaging in free speech by supporting important community and ballot initiatives.

6. The statute defines "foreign influenced corporation" to include any for-profit corporation or limited liability company with a foreign investor holding 1% or more in stock or with foreign investors who collectively own 5% or more in stock.

7. SPS, like many publicly traded corporations, very likely could meet that definition at any given time up to and through the 2024 general election because its stock is publicly traded and therefore ownership changes occur daily. SPS stock is constantly bought and sold on the NASDAQ. Consequently, it is quite possible that a foreign investor may own 1% or more in stock or that multiple foreign investors could own 5% or more in stock in SPS at any given time so that SPS would meet the statute's definition of "foreign influenced."

8. However, such limited holdings by foreign investors does not indicate that these foreign investors would have any involvement or influence in SPS's decision-making

DocuSign Envelope ID: 71B3E784-FE1B-4071-A4C3-531BAC5C1BDC

process with respect to SPS's involvement in community and ballot initiatives. I am not aware of any instance in which foreign investors have had any involvement or influence in SPS's decision-making process with respect to such initiatives in the past. And I do not foresee that foreign investors will have had any involvement or influence in SPS's decision-making process with respect to these activities in the future.

9. Nevertheless, because it is possible that a foreign investor may own 1% or more in stock or that multiple foreign investors could own 5% or more in stock in SPS at any given time, SPS will be unable to certify it is not a "foreign influenced corporation" as required by the statute. SPS cannot do so because we do not have visibility or ready access into the nationality of each shareholder, and therefore we are not able to determine with precision and accuracy whether 1% or more of SPS stock is owned by a foreign investor or whether 5% or more of SPS stock is owned by multiple foreign investors at any given time.

10. Purchasers of stock are not required to disclose their nationality unless they acquire a total of 5% ownership in the company. *See* 17 CFR § 240.13d-101.

11. Additionally, SPS stock is constantly bought and sold on the NASDAQ. Therefore, it is not possible to determine precisely at the time of an expenditure whether SPS meets the definition of "foreign influenced."

12. As a result, SPS will be forced to avoid making any independent expenditures to support community and ballot initiatives, which could negatively impact our communities.

3

13. In the absence of this statute, SPS would intend to make such expenditures in the future.

14. SPS has exercised its free speech rights to support our communities in the past.

15. Specifically, SPS has made expenditures to support the recent ballot question initiative known as the "Page Amendment."

16. The proposed constitutional amendment, named for former Minnesota Supreme Court Justice Alan Page, would amend Article 13, Section 1 of the Minnesota Constitution to establish the right to "quality" education for all Minnesota students, as follows:

> "All children have a fundamental right to a quality public education that fully prepares them with the skills necessary for participation in the economy, our democracy, and society, as measured against uniform achievement standards set forth by the state."

17. As chair of the Minnesota Business Partnership Education Committee and as a past and present board member for several educational institutions and organizations, I believe quality education is a civil rights issue, and it is important that Minnesota's Constitution be updated to include a qualitative standard for education.

18. I have led, and will continue to lead, efforts to pass legislation in the Minnesota Legislature to place the Page Amendment on the ballot during a general election.

4

DocuSign Envelope ID: 71B3E784-FE1B-4071-A4C3-531BAC5C1BDC

19. The Page Amendment aligns with SPS's corporate values and initiatives and, therefore, SPS chose to contribute corporate money to support the efforts of making the Page Amendment a ballot question in Minnesota.

20. When the Page Amendment could become a ballot question, as soon as in November 2024. I predict that SPS would like to make expenditures in support of ballot questions such as the Page Amendment.

21. SPS's decision to support the Page Amendment was not influenced in any way by any foreign nationals.

22. In my over 20 years of experience as CEO of SPS, to the best of my knowledge, none of SPS's civic speech relating to community and ballot initiatives has been influenced in any way by any foreign nationals.

23. The Page Amendment is just one example of the kinds of civic initiatives that SPS would like to exercise its free speech rights to support.

24. SPS cannot predict with any certainty all the potential other kinds of initiatives or civic issues that it may want to contribute towards in the future. But when that event occurs or that issue arises, SPS will want to act immediately so its funding will have the maximum impact.

25. However, under the statute, SPS either cannot make or could not afford to risk making independent expenditures because SPS cannot and would not be able to certify at the time of those expenditures that it is not a "foreign-influenced corporation" because SPS cannot and would not be able to feasibly determine whether it has a foreign investor

5

who holds 1% ownership or shareholders who hold 5% aggregate ownership at any given point in time.

26. Because SPS is a law-abiding company, it will not make any independent expenditures or contribute to any ballot question committees because it is unable to certify that it meets the statute's requirements and cannot put itself or its officers and directors at risk for facing civil penalties or criminal prosecution.

27. SPS is also a member of the Minnesota Chamber of Commerce and pays membership dues to advance the Chamber's pro-business initiatives.

28. SPS would like its membership dues to the Chamber to be used for potential independent expenditure activities in support of pro-business and community initiatives.

29. SPS understands that the Chamber cannot use the dues paid by SPS for its membership for potential independent expenditure activities because neither SPS nor the Chamber is able to certify SPS is not a "foreign-influenced corporation" as required by the statute. This reflects further harm to SPS's First Amendment rights caused by the statute.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 29, 2023.

*Archie Black* (DocuSigned by: 7FDBAF4B767E454)
Archie Black

27248978v3