## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Minnesota Chamber of Commerce, *a Minnesota nonprofit corporation*, | ) ) ) | Case No.: 0:23-cv-02015 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| John Choi, *in his official capacity as* County Attorney for Ramsey County, Minnesota; George Soule, *in his official capacity as* Chair of the Minnesota Campaign Finance and Public Disclosure Board; David Asp, *in his official capacity as* Vice Chair of the Minnesota Campaign Finance and Public Disclosure Board; Carol Flynn, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Margaret Leppik, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Stephen Swanson, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; and Faris Rashid, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DECLARATION OF CARLOS SEOANE QUINTEIRO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| Defendants | ) ) | |

I, Carlos Seoane Quinteiro, hereby declare:

      1.      I am the co-founder and CEO of Deeloh Technologies, Inc. d/b/a Extempore ("Extempore"). I have held this position since 2015.

2. Extempore is a privately-held C-corporation incorporated in Delaware with our principal place of business in Minneapolis.

3. Extempore provides learning platforms for educational institutions to aid with language learning.

4. Extempore is greatly concerned that the recently-amended Minnesota Statute section 211B.15 (the "statute") prevents Extempore from engaging in free speech.

5. Specifically, Extempore is greatly concerned by the statute's definition of "foreign influenced corporation," which includes any for-profit corporation or limited liability company with a foreign investor holding 1% or more in stock, or with foreign investors who collectively own 5% or more in stock.

6. Extempore believes it has in the past, currently and will in the future meet the statute's definition of "foreign influenced corporation" because until recently it had two foreign investors that held over 1% of Extempore's stock; and there is currently at least one foreign investor that holds over 1% of Extempore's stock and Extempore reasonably anticipates this will continue through the 2024 general election cycle.

7. Until recently, one of Extempore's shareholders, who is a Spanish national, held 1.09% of Extempore's stock. Extempore recently updated the cap table, which resulted in some ownership percentage changes, and this investor's holdings currently account for 0.9% of Extempore's stock and may be subject to further fluctuation in the future.

8. Another one of Extempore's shareholders currently holds 1.812% of Extempore's stock and is a United Kingdom national.

9.      Neither of these foreign investors are United States citizens or permanent residents.

10.     This non-controlling ownership by these foreign investors does not indicate that these foreign investors would have any involvement or influence in Extempore's decision-making process with respect to political activities.  I am not aware of any instance in which foreign investors have had any involvement or influence in Extempore's decision-making process with respect to political activities in the past.  And I do not foresee that foreign investors will have had any involvement or influence in Extempore's decision-making process with respect to political activities in the future.

11.     To the best of my knowledge, Extemore's political speech has never been influenced in any way by any foreign nationals.

12.     Despite this, Extempore is forced to avoid making any independent expenditures with respect to the upcoming 2024 election cycle because it cannot certify that it is not a "foreign-influenced corporation."

13.     In the absence of this statute, Extempore would otherwise be likely to engage in such expenditures to support ballot initiatives prioritizing education such as  the Page Amendment to establish a "quality" education right within Minnesota's Constitution. https://www.house.mn.gov/comm/docs/NDRPSKk9rkuMCXVg1e4Lpg.pdf.

14.     But Extempore cannot make any independent expenditures because it is unable to meet the statute's requirements and cannot put itself or its officers and directors at risk for facing civil penalties or criminal prosecution.

15.    Extempore is also a member of the Minnesota Chamber of Commerce and pays membership dues to advance the Chamber's pro-business initiatives.

16.    Extempore would like its membership dues to the Chamber to be used for potential independent expenditure activities.

17.    Extempore understands that because it is a corporation and unable to make the statutory certification, its membership dues to the Chamber will not be allowed to be used to affect policy through independent expenditures. This reflects further harm to Extempore's First Amendment rights caused by the statute.

18.    The statute has chilled Extempore's speech and, upon becoming effective on January 1, 2024, will censure Extempore's right to engage in political speech under the First Amendment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 05, 2023.

_____
Carlos Seoane Quinteiro

27249047v2

4