# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Chamber of Commerce, *a Minnesota nonprofit corporation*, | Case No.: 0:23-cv-02015 |
| Plaintiff, | |
| vs. | |
| John Choi, *in his official capacity as* County Attorney for Ramsey County, Minnesota; George Soule, *in his official capacity as* Chair of the Minnesota Campaign Finance and Public Disclosure Board; David Asp, *in his official capacity as* Vice Chair of the Minnesota Campaign Finance and Public Disclosure Board; Carol Flynn, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Margaret Leppik, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Stephen Swanson, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; and Faris Rashid, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board, | **DECLARATION OF ERIC NERLAND IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| Defendants | |

I, Eric Nerland, hereby declare:

1. I am the co-founder and CEO of Lake of the Woods Cannabis Company ("LW"). I have held this position since 2022.

1

2. LW is a privately-held C-corporation incorporated in Minnesota with its principal place of business in Warroad, Minnesota.

3. LW currently manufactures and sells CBD beverages and products as allowed by Minnesota law. LW intends to open dispensaries in Minnesota and sell adult use cannabis once legal to do so.

4. LW is greatly concerned that the recently-amended Minnesota Statute section 211B.15 (the "statute") prevents LW from engaging in free speech.

5. Specifically, LW is greatly concerned by the statute's definition of "foreign influenced corporation," which includes any for-profit corporation or limited liability company with a foreign investor holding 1% or more in stock, or with foreign investors who collectively own 5% or more in stock.

6. LW believes it currently meets the statute's definition of "foreign influenced corporation," and that it also will be deemed a "foreign influenced corporation" in the future, because it has a foreign investor that hold over 1% of LW's stock and reasonably anticipates this will continue through the 2024 general election cycle.

7. One of LW's shareholders holds 19.5% of LW's stock and is a Canadian national.

8. This foreign investor is not a United States citizen or permanent resident.

9. This non-controlling ownership by a foreign investor does not indicate that the foreign investor would have any involvement or influence in LW's decision-making process with respect to political activities. I am not aware of any instance in which foreign investors have had any involvement or influence in LW's decision-making process with

respect to political activities in the past. And I do not foresee that foreign investors will have had any involvement or influence in LW's decision-making process with respect to political activities in the future.

10. To the best of my knowledge, LW's political speech has never been influenced in any way by any foreign nationals.

11. Despite this, LW is forced to avoid making any independent expenditures with respect to the upcoming 2024 election cycle because it cannot certify that it is not a "foreign-influenced corporation."

12. In the absence of this statute, LW would otherwise be likely to engage in such expenditures to support civic and political initiatives related to the production and sale of cannabis products.

13. Cannabis products are highly regulated on the municipality, city, county, state, and federal government level.

14. In 2022, Minnesota legalized the sale and consumption of edibles containing small amounts of hemp-derived THC.

15. On May 30, 2023, Governor Tim Walz signed an expansive cannabis legalization bill into law that allows for the recreational use of cannabis starting August 1, 2023. The law further provides that the sale of adult use cannabis in Minnesota will be legal in 2025.

16. As a result, LW is particularly invested and interested in the next year of political and civic discussion surrounding the regulation of cannabis businesses in Minnesota.

17. LW anticipates that it would like to be able to participate in the conversation on cannabis businesses because it is currently operating as a legal manufacturer of CBD products and hopes to sell adult use cannabis beginning in 2025.

18. But LW cannot make any independent expenditures in furtherance of these issues because it is unable to meet the statute's requirements and cannot put itself or its officers and directors at risk for facing civil penalties or criminal prosecution.

19. LW is also a member of the Minnesota Chamber of Commerce and pays membership dues to advance the Chamber's pro-business initiatives.

20. LW would like its membership dues to the Chamber to be used for potential independent expenditure activities.

21. LW understands that because it is a foreign investor who holds over 1% of its stock it is unable to make the statutory certification, so its membership dues to the Chamber will not be allowed to be used to affect policy through independent expenditures. This reflects further harm to LW's First Amendment rights caused by the statute.

22. The statute has chilled LW's speech and, upon becoming effective on January 1, 2024, will censure LW's right to engage in political speech under the First Amendment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 23, 2023.

Eric Nerland

27317231v1