UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Chamber of Commerce, a Minnesota nonprofit corporation, | Court File No. 23-cv-02015 (ECT/JFD) |
| Plaintiff, | |
| vs. | **STATE DEFENDANTS' SUPPLEMENTAL MEMORANDUM** |
| John Choi, et al., | |
| Defendants. | |

**INTRODUCTION**

State Defendants submit this supplemental memorandum pursuant to the Court's Order entered on December 18, 2023 (ECF No. 102), which gave Defendants the opportunity to identify and explain the basis for their objections to that part of Plaintiff's Proposed Order (ECF No. 66) entitled "**ORDER**."[1]

To clarify statements made at the hearing on Plaintiff's Motion for a Preliminary Injunction, some of the objections expressed by State Defendants related to the sections entitled "**FINDINGS OF FACT**" and "**CONCLUSIONS OF LAW**." State Defendants' memorandum does not address these objections because in the event Plaintiff's Motion is

---

[1] In an abundance of caution, State Defendants clarify that they do not agree a preliminary injunction should issue, for the reasons stated in their opposition brief, ECF No. 88. State Defendants understand the Court's Order (ECF No. 102), to offer State Defendants an opportunity to explain, assuming the Court does enter a preliminary injunction, areas of concern by State Defendants regarding the Plaintiff's proposed order. State Defendants appreciate the opportunity to do so.

granted, the Court has advised the parties that it will not be relying on the "**FINDINGS OF FACT**" and **"CONCLUSIONS OF LAW"** sections to craft an appropriate order. (ECF No. 102 at 2.)[2]

Under Federal Rule of Civil Procedure 65, the contents of an order granting an injunction must: 1) state the reason why it was issued; 2) specifically state its terms; and 3) describe in reasonable detail the act or acts restrained. Fed. R. Civ. P. 65(d)(1). The injunction itself "should be narrowly tailored to remedy only the specific harms shown by the plaintiffs." *Pavek v. Simon*, 467 F. Supp. 3d 718, 763 (D. Minn. 2020)

Focusing solely on the **"ORDER"** section, State Defendants have two objections and two points of clarification that should be added to any potential forthcoming order.

First, State Defendants object to the extent Plaintiff's Proposed Order applies to every Minnesota County Attorney, none of whom are parties to this litigation except for Defendant Choi. Pursuant to Rule 65, a preliminary injunction only binds the parties, their officers, agents, and the like, and "other persons who are in active concert or participation" with the parties and their officers, agents, and the like. Fed. R. Civ. P. 65(d)(2). The

---

[2] State Defendants do wish to briefly reiterate their request that the Court not issue an order that forecloses State Defendants from arguing at a later date that the Plaintiff lacks standing (for itself and associational). State Defendants pled lack of standing in their Answer and should have the opportunity to fully and fairly develop the record on this issue during discovery and to brief it at summary judgment. Although the Plaintiff stated in its November 22, 2023 discovery responses that it would produce responsive documents (if any), it has yet to do so. (*See, e.g.*, ECF No. 89-1, at 17.) It has produced initial disclosure documents only, totaling 136 pages. As it stands, Plaintiff has shown only speculative and hypothetical future harms. The alleged preparation of budgets and the like alone does not confer Article III standing, because suffering present costs and burdens based on a fear of future enforcement "improperly waters down the fundamental requirements" of Article III. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).

Complaint does not allege that any other Minnesota County Attorney, much less all of them, are "in active concert or participation" with the State Defendants or Defendant Choi, and there is no evidence of this in the record.[3] *See Thompson v. Freeman*, 648 F.2d 1144, 1147 (8th Cir. 1981) ("Accordingly, a nonparty may be enjoined under Rule 65(d) only when its interests closely 'identify with' those of the defendant, when the nonparty and defendant stand in 'privity,' or when the defendant 'represents' or 'controls' the nonparty.").

To the best of State Defendants' knowledge, no other Minnesota County Attorney has been given notice of Plaintiff's Motion, or Plaintiff's Complaint for that matter, and no other Minnesota County Attorney has been given the opportunity to appear or present evidence in this case. Thus, the references in Paragraphs two, four, and five to "Minnesota County Attorneys" should be removed from any potential forthcoming order. Further, an order does not need to recite the scope of Rule 65(d)(2), so Paragraph 5 of the Proposed Order should be removed in its entirety.

Second, State Defendants object to granting Plaintiff leave to amend its Complaint indefinitely and repeatedly throughout the entirety of the preliminary injunction's term. The Pretrial Scheduling Order provides that all motions to amend the pleadings were required to be filed and served on or before October 6, 2023. (ECF No. 51, at 3.) This is the deadline the parties agreed to. (ECF No. 45, page 11.) Plaintiff did not bring a motion to amend its Complaint before this deadline. Plaintiff should not be given leave to amend

---

[3] In fact, the Complaint's only mention of other county attorneys comes in the context of Plaintiff's requests for declaratory (and not injunctive) relief.

3

its Complaint through an order on a preliminary injunction when it failed to comply with the unambiguous deadline stated in the Pretrial Scheduling Order. As a result, Paragraph 6 should be removed in its entirety from any potential forthcoming order.

Third, the specific "foreign influenced corporation" provisions in Minnesota Statutes Section 211B.15, as amended, should be explicitly identified in Paragraphs 2, 3, and 4. *See* Fed. R. Civ. P. 65(d)(1). To that end, State Defendants request any potential forthcoming order to delineate Subdivision 1(b), Subdivision 1(d), Subdivision 1(e), Subdivision 4a, Subdivision 4b, and the reference to "4a" in Subdivision 7b(2) as the "foreign influenced corporation" provisions that are being enjoined from enforcement pending final resolution of this litigation.

Fourth, and relatedly, any potential forthcoming order should make it clear that all other provisions in Minnesota Statutes Section 211B.15 unrelated to the aforementioned and specifically identified "foreign influenced corporation" provisions shall remain in full force and effect and are not affected by the order.

For the foregoing reasons, State Defendants respectfully request that in the event Plaintiff's Motion for a Preliminary Injunction is granted, the Court craft an order substantially like the one attached to this memorandum as Exhibit A.

**Signature on following page.**

Dated: December 19, 2023

KEITH ELLISON
Attorney General
State of Minnesota

s/ **Matt Mason**
JANINE KIMBLE (#0392032)
MATT MASON (#0397573)
NATHAN HARTSHORN (#0320602)
Assistant Attorneys General

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1415 (Voice)
(651) 297-7206 (TTY)
janine.kimble@ag.state.mn.us

ATTORNEYS FOR STATE DEFENDANTS

|#5665209-v2