UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Chamber of Commerce, *a Minnesota nonprofit corporation*,<br><br>     Plaintiff,<br><br>vs.<br><br>John Choi, *in his official capacity as* County Attorney for Ramsey County, Minnesota; George Soule, *in his official capacity as* Chair of the Minnesota Campaign Finance and Public Disclosure Board; David Asp, *in his official capacity as* Vice Chair of the Minnesota Campaign Finance and Public Disclosure Board; Carol Flynn, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Margaret Leppik, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Stephen Swanson, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; and Faris Rashid, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board,<br><br>     Defendants | Case No.: 0:23-cv-02015<br><br><br><br><br><br>**DECLARATION OF CARLOS SEOANE QUINTEIRO IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Carlos Seoane Quinteiro, hereby declare:

   1.  I am the co-founder and CEO of Deeloh Technologies, Inc. d/b/a Extempore ("Extempore"). I have held this position since 2015.

1

2. Extempore is a privately-held C-corporation incorporated in Delaware with our principal place of business in Minneapolis.

3. Extempore provides learning platforms for educational institutions to aid with language learning.

4. Extempore is greatly concerned that the recently-amended Minnesota Statute section 211B.15 (the "statute") prevents Extempore from engaging in free speech.

5. Specifically, Extempore is greatly concerned by the statute's definition of "foreign influenced corporation," which includes any for-profit corporation or limited liability company with a foreign investor holding 1% or more in stock, or with foreign investors who collectively own 5% or more in stock.

6. Extempore believes it has in the past met, and currently and will in the future meet, the statute's definition of "foreign influenced corporation."

7. Extempore has had two foreign investors who each held over 1% of Extempore's stock.

8. One of those foreign shareholders is a Spanish national who has at times in the past held an ownership interest over 1%. This shareholder currently has an ownership interest of 0.866%.

9. The other foreign investor has owned and continues to hold over 1% of Extempore's stock. That shareholder is a United Kingdom national who currently owns 1.656% of Extempore's stock. Extempore reasonably anticipates this foreign investor will continue to own over 1% of Extempore's stock through the 2024 general election cycle.

10. Neither of these foreign investors are United States citizens or permanent residents.

11. This non-controlling ownership by these foreign investors does not enable these foreign investors to have any involvement in or influence on Extempore's decision-making process with respect to any potential political activities. I am not aware of any instance in which these foreign investors have sought to involve themselves or influence Extempore to engage in decision-making with respect to whether and to what extent to engage in any political activities. And I do not foresee that these foreign investors will have had any involvement or influence in Extempore's decision-making process with respect to political activities in the future.

12. To the best of my knowledge, Extempore's political speech has never been influenced in any way by any foreign nationals.

13. Despite this, Extempore will be forced to avoid making any independent expenditures with respect to the upcoming election cycles if it is required to comply with the statute because it cannot certify that it is not a "foreign-influenced corporation."

14. In the absence of the prohibitions and penalties imposed by this statute, Extempore would otherwise be likely to engage in expenditures to support ballot initiatives prioritizing education such as the Page Amendment to establish a "quality" education right within Minnesota's Constitution. https://www.house.mn.gov/comm/docs/NDRPSKk9rkuMCXVg1e4Lpg.pdf.

15. But under the prohibitions and penalties imposed by this statute, Extempore would not be able to make any independent expenditures because it does meet the statute's

requirements and cannot put itself or its officers and directors at risk for facing civil penalties or criminal prosecution.

16. Extempore is a member of the Minnesota Chamber of Commerce and pays membership dues to advance the Chamber's pro-business initiatives.

17. Extempore would like its membership dues to the Chamber to be available to the Chamber for use for potential independent expenditure activities.

18. Extempore understands that because it meets the statute's definition of a "foreign influenced corporation" and is unable to make the statutory certification, Extempore's membership dues cannot be used by the Chamber to affect policy through independent expenditures. This reflects further harm to Extempore's First Amendment rights caused by the statute.

19. The statute has chilled Extempore's speech and, if allowed to become effective, will censor Extempore's political speech under the First Amendment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 18, 2024.



_____
Carlos Seoane Quinteiro

27249047v2