UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Chamber of Commerce, *a Minnesota nonprofit corporation*,<br><br>Plaintiff,<br><br>vs.<br><br>John Choi, *in his official capacity as* County Attorney for Ramsey County, Minnesota; George Soule, *in his official capacity as* Chair of the Minnesota Campaign Finance and Public Disclosure Board; David Asp, *in his official capacity as* Vice Chair of the Minnesota Campaign Finance and Public Disclosure Board; Carol Flynn, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Margaret Leppik, *in her official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; Stephen Swanson, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board; and Faris Rashid, *in his official capacity as* Member of the Minnesota Campaign Finance and Public Disclosure Board,<br><br>Defendants | Case No.: 0:23-cv-02015<br><br><br><br>**DECLARATION OF ERIC NERLAND IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

I, Eric Nerland, hereby declare:

1. I am the co-founder and CEO of Lake of the Woods Cannabis Company ("LW"). I have held this position since 2022.

1

2.      LW is a privately-held C-corporation incorporated in Minnesota with its principal place of business in Warroad, Minnesota.

3.      LW currently manufactures and sells CBD beverages and products as allowed by Minnesota law. LW intends to open dispensaries in Minnesota and sell adult use cannabis once legal to do so.

4.      LW is greatly concerned that the recently-amended Minnesota Statute section 211B.15 (the "statute") prevents LW from engaging in free speech.

5.      Specifically, LW is greatly concerned by the statute's definition of "foreign influenced corporation," which includes any for-profit corporation or limited liability company with a foreign investor holding 1% or more in stock, or with foreign investors who collectively own 5% or more in stock.

6.      LW believes it has in the past met, and currently and will in the future meet, the statute's definition of "foreign influenced corporation."

7.      Presently, one of LW's shareholders who is a Canadian national holds 19.5% of LW's stock.

8.      This foreign investor is not a United States citizen or permanent resident.

9.      This non-controlling ownership by this foreign investor does not enable this foreign investor to have any involvement in or influence on LW's decision-making process with respect to any potential political activities. I am not aware of any instance in which this foreign investor has sought to be involved in or exert influence over LW to engage in decision-making with respect to whether and to what extent to engage in any political activities. And I do not foresee that this or any other foreign investor will have had any

involvement or influence in LW's decision-making process with respect to political activities in the future.

10. To the best of my knowledge, LW's political speech has never been influenced in any way by any foreign nationals.

11. Despite this, LW will be forced to avoid making any independent expenditures with respect to the upcoming election cycles if it is required to comply with the statute because it cannot certify that it is not a "foreign-influenced corporation."

12. In the absence of the prohibitions and penalties imposed by this statute, LW is likely to engage in such expenditures to support civic and political initiatives related to the production and sale of cannabis products.

13. Cannabis products are highly regulated on the municipality, city, county, state, and federal government level.

14. In 2022, Minnesota legalized the sale and consumption of edibles containing small amounts of hemp-derived THC.

15. On May 30, 2023, Governor Tim Walz signed an expansive cannabis legalization bill into law that allows for the recreational use of cannabis starting August 1, 2023. The law further provides that the sale of adult use cannabis in Minnesota will be legal in 2025.

16. To that end, LW has been actively researching candidates and campaigns that are pro-cannabis and support future dispensary businesses in the following Minnesota counties: Olmstead, Koochiching, Goodhue, Wabasha, and Roseau.

17. LW has also begun the process of creating advertisements in support of certain pro-cannabis political candidates that would be considered an independent expenditure under Minnesota law.

18. LW intends to make these independent expenditures in advance of the 2024 election.

19. LW intends to continue to participate in the conversation on cannabis businesses in future election cycles because it is currently operating as a legal manufacturer of CBD products and hopes to sell adult use cannabis beginning in 2025.

20. But under the prohibitions and penalties imposed by this statute, LW would not be able to make any independent expenditures or contributions because it does meet the statute's requirements and cannot put itself or its officers and directors at risk for facing civil penalties or criminal prosecution.

21. LW is a member of the Minnesota Chamber of Commerce and pays membership dues to advance the Chamber's pro-business initiatives.

22. LW would like its membership dues to the Chamber to be available to the Chamber for use for potential independent expenditure and contribution activities.

23. LW understands that because it meets the statute's definition of a "foreign influenced corporation" and is unable to make the statutory certification that it is not a foreign influenced corporation", the Chamber cannot use LW's membership dues to affect policy through independent expenditures. This reflects further harm to LW's First Amendment rights caused by the statute.

24. The statute threatens to chill LW's speech and, if allowed to become effective, will censor LW's political speech under the First Amendment.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July  19 , 2024.

*Eric Nerland*

Eric Nerland

29351126v1

5