IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA CHAMBER OF COMMERCE,<br><br>           Plaintiff,<br><br>           v.<br><br>JOHN CHOI, *et al.*,<br><br>           Defendants. | Case No. 23-cv-02015 (ECT/JFD) |

**MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE FOR
CAMPAIGN LEGAL CENTER IN SUPPORT OF DEFENDANTS
AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Campaign Legal Center ("CLC") respectfully moves for leave to file an *amicus curiae* brief in support of defendants and in opposition to plaintiff's motion for summary judgment in the above-captioned case. Counsel for state defendants has consented to CLC's amicus participation; counsel for plaintiff Minnesota Chamber of Commerce does not consent.

In support of this motion, CLC states the following:

1. CLC is a nonpartisan nonprofit organization working for a more transparent, inclusive, and accountable democracy at all levels of government. CLC's work includes representing the public perspective in legal proceedings interpreting and enforcing campaign finance, lobbying, ethics, and election laws throughout the nation. *See* https://campaignlegal.org/about.

2. CLC believes its proposed *amicus* brief will benefit the Court by providing unique arguments to rebut plaintiff's First Amendment challenge to Minnesota's Democracy for the People Act (the "Act"), Minn. Stat. § 211B.15, subd. 4a-4b, including an overview of spending by foreign-influenced corporations to influence recent elections at the state and local level.

3. CLC previously submitted an *amicus* brief in the preliminary injunction proceedings in this case that addressed plaintiff's claim that the Federal Election Campaign Act ("FECA") preempted the Act in its entirety. *See* CLC Amicus Br., Dec. 5, 2023, ECF No. 98. CLC references this earlier memorandum in its proposed brief but otherwise does not repeat the preemption arguments contained therein.

4. CLC believes its proposed brief will be timely. This Court directed any "*non-party* wishing to serve as amicus curia" to "appear and file a motion seeking leave" by August 2, 2024. Order, ECF No. 118 (emphasis added). If CLC, after appearing and filing as an amicus in these proceedings on December 4, 2023, is deemed a "non-party," counsel regrets that their confusion on this matter has resulted in this motion postdating August 2 by several days. CLC notes however that its proposed brief will be timely because it will be filed within seven days of August 9, the date defendants' summary judgment brief is due, and in any event, on or before August 16, as stipulated by plaintiff and defendants, ECF No. 116.

\*               \*               \*

5. Since its founding, CLC has maintained a far-reaching litigation practice to defend state and federal campaign finance, lobbying, and political disclosure laws. It has participated in virtually every U.S. Supreme Court case addressing a state or federal campaign finance issue, including *McConnell v. FEC*, 540 U.S. 93 (2003), and *Citizens United v. FEC*, 558 U.S. 310 (2010). It also has participated as an *amicus curiae* in Minnesota campaign finance cases, including the instant case, as well as in *Minnesota Citizens Concerned For Life v. Swanson*, 692 F.3d 864 (8th Cir. 2012) (en banc), a challenge to the state's disclosure requirements and corporate contribution restriction.

6. CLC also has experience litigating the constitutionality of restrictions on foreign money in federal, state and local elections. For example, CLC is representing the ballot measure

2

committee Protect Maine Elections as *amicus curiae* in an ongoing case challenging the constitutionality of a Maine initiative barring foreign influence in Maine elections, now codified at 21-A Me. Rev. Stat. § 1064. *See Central Maine Power Company, et al. v. Maine Comm'n on Gov't Ethics and Election Practices, et al*., No. 24-1265 (1st Cir.).

7. CLC has also regularly participated in proceedings before state legislatures and agencies relating to the regulation of foreign money in state elections. For instance, in the last two years, CLC submitted public testimony or comments in Oklahoma, Maine, Hawaii, and the City of Portland, Maine with respect to their consideration of measures to address foreign spending in their state or municipal elections.

8. As a nonpartisan subject-matter expert in federal and state campaign finance law, as well as First Amendment case law concerning campaign finance issues, CLC has a demonstrated interest in this case.

9. CLC believes its proposed *amicus* brief will benefit the Court by providing an analysis of plaintiff's First Amendment claims that augment the arguments offered by the parties. Specifically, CLC discusses the proper standard of scrutiny appliable to laws restricting *both* foreign contributions and expenditures, an issue which has not been comprehensively briefed thus far; and conducts a thorough analysis of how the Supreme Court has reviewed a range of campaign finance laws for narrow tailoring.

10. CLC also has a unique understanding of the nationwide implications of the claims made by the Chamber; the proposed brief reviews the experiences of other jurisdictions with foreign spending in state or local elections, as well as analogous legislation at the federal, state, and local level to check foreign campaign contributions and expenditures.

11. CLC thus has expertise in and a unique perspective regarding the issues raised in this litigation, and respectfully requests that the Court grant CLC's motion for leave to file its *amicus curiae* brief. CLC's proposed brief is less than 6,000 words.

12. The proposed brief will be timely because CLC intends to file it on or before August 16, 2024—within seven days of the date that defendants' opening brief is due—and consistent with dates set forth for *amicus* briefs in the Stipulation filed by the Parties, *see* ECF No. 116, and this Court's previous orders, *see* ECF No. 127, ECF No. 140.

13. CLC affirms that no party's counsel authored the proposed brief in whole or in part, and no person – other than the *amicus* – contributed money that was intended to fund the brief.

For the foregoing reasons, CLC respectfully requests that the Court grant its request to file a second *amicus* brief in support of defendants and in opposition to plaintiff's motion for summary judgment. CLC does not request the opportunity to participate in oral argument.

Dated: August 7, 2024

Respectfully submitted,

LATHROP GPM LLP

*/s/ Amy Erickson*
Amy Erickson (#399214)
80 South Eighth Street
3100 IDS Center
Minneapolis, Minnesota 55402
Telephone: (612) 632-3470
amy.erickson@lathropgpm.com

Tara Malloy*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
tmalloy@campaignlegalcenter.org

*admitted pro hac vice

*Counsel for Amicus Curiae*

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 7, 2024, I electronically filed a copy of the foregoing motion for leave to file Brief of *Amicus Curiae* using the CM/ECF system, which will send notification of this filing to all counsel of record.

Dated: August 7, 2024

*/s/ Amy Erickson*
Amy Erickson
