# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Chamber of Commerce, *a Minnesota nonprofit corporation*, | Case No.: 0:23-cv-02015 |
| Plaintiff, | |
| vs. | |
| John Choi, in his official capacity as County Attorney for Ramsey County, Minnesota; George Soule, in his official capacity as Chair of the Minnesota Campaign Finance and Public Disclosure Board; David Asp, in his official capacity as Vice Chair of the Minnesota Campaign Finance and Public Disclosure Board; Carol Flynn, in her official capacity as Member of the Minnesota Campaign Finance and Public Disclosure Board; Margaret Leppik, in her official capacity as Member of the Minnesota Campaign Finance and Public Disclosure Board; Stephen Swanson, in his official capacity as Member of the Minnesota Campaign Finance and Public Disclosure Board; and Faris Rashid, in his official capacity as Member of the Minnesota Campaign Finance and Public Disclosure Board, | **SUPPLEMENTAL DECLARATION OF THOMAS H. BOYD IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants | |

I, Thomas H. Boyd, hereby declare:

      1.     I am a Shareholder with the law firm of Winthrop & Weinstine, P.A., and I am one of the attorneys of record in this matter for Plaintiff Minnesota Chamber of Commerce ("Chamber").

2.      A true and correct copy of Jeffery Sigurdson's signed errata sheet to his deposition is attached hereto as **Exhibit A**.

3.      A true and correct copy of a bates labeled document CHAMBER000340 is attached hereto as **Exhibit B**.

4.      A true and correct copy of excerpts from the January 8, 2024 deposition of Jeffrey Sigurdson are attached hereto as **Exhibit C**.

I DECLARE ON THE PENALTY OF PERJURY THAT THE ABOVE IS TRUE AND CORRECT. Signed and stated in the County of Hennepin, in the State of Minnesota.

Dated:   September 6, 2024                    *s/Thomas H. Boyd*
                                             Thomas H. Boyd

29682949v2

**Exhibit A**

1                          ERRATA SHEET

2    Case Name:  MN Chamber of Commerce v. Choi, et al.

3    Date of Deposition:  January 8, 2024

4    Deponent's Name:  Jeffrey Sigurdson

5

     Page/Line    Correction or Change         Reason
6
     Page 115 Line 21  I believe I said "used for the contribution" the court reporter
7
     heard "rules for the contribution".
8

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18   _____

19   _____

20   I, _____Jeff Sigurdson_____have read the
                    (print your name)
21   transcript and request these change be noted for the
     reasons indicated.
22

23
     Date: 1/25/2024_____ Sig.:_____Jeff Sigurdson_____
24   INSTRUCTIONS: Return this signed sheet to Counsel within

25   30 days of the final transcript notification email and
     send a copy to our court reporting office:
     erratas@myrina.com.

**Exhibit B**

Message

| | |
|---|---|
| **From**: | Bordelon, Laura [lbordelon@mnchamber.com] |
| **Sent**: | 8/27/2024 10:30:43 AM |
| **To**: | Halloran, Cianna [CHalloran@winthrop.com] |
| **Subject**: | FW: Pro Jobs deposit |

FYI

**From:** Kojetin, Annette <AKojetin@mnchamber.com>
**Sent:** Tuesday, August 27, 2024 10:30 AM
**To:** Bordelon, Laura <lbordelon@mnchamber.com>
**Cc:** Loon, Doug <dloon@mnchamber.com>; Cook, Brian <bcook@mnchamber.com>; Farrell, Amanda <AFarrell@mnchamber.com>
**Subject:** RE: Pro Jobs deposit

Transfer completed.

~Annette




ANNETTE KOJETIN, CPA
*Vice President, Chief Financial Officer*

380 St. Peter Street, Suite 1050, St. Paul, MN 55102
P: 651.292.4687 C: 612.816.0841
www.mnchamber.com

**From:** Bordelon, Laura <lbordelon@mnchamber.com>
**Sent:** Tuesday, August 27, 2024 10:24 AM
**To:** Kojetin, Annette <AKojetin@mnchamber.com>
**Cc:** Loon, Doug <dloon@mnchamber.com>; Cook, Brian <bcook@mnchamber.com>
**Subject:** Pro Jobs deposit

Annette – please transfer $250,000 from the Chamber to Pro Jobs Majority.  Doug has approved.

Thank you.




LAURA BORDELON
*Senior Vice President, Advocacy*

380 St. Peter St., Suite 1050, St. Paul, MN 55102
P: 651.292.4681 C: 651.955.2568
www.mnchamber.com

Think you can't afford health insurance? Think again.
Find out how ChamberHealth could save you up to 5% or more!

CHAMBER000340

**Exhibit C**

29

1    the question is 7, parenthetical (b)?

2                    MR. BOYD:  Yes.

3                    MS. KIMBLE:  I think that's clear.  Thank

4    you.

5                    MR. BOYD:  Yeah.  No.  Thank you.

6  BY MR. BOYD:

7  Q    Subdivision 7(b), referencing knowingly violating the

8       section, would your answer be the same, Mr. Sigurdson?

9  A    Yes.

10 Q    All right.  As I understand it, under Minnesota Statute

11      10A.022, subdivision 7, "A matter that is under the

12      board's jurisdiction pursuant to that section that may

13      result in a criminal offense must finally be disposed of

14      by the board before the alleged violation may be

15      prosecuted by a city or county attorney."  Is that

16      correct?

17 A    Yes.

18 Q    So with regard to a Subdivision 6(b) and Subdivision

19      7(b) of Chapter 211B.15, would the board need to finally

20      dispose of its investigation and make a determination as

21      to any enforcement before the county prosecutor could

22      pursue a criminal prosecution for any violation of the

23      statute?

24 A    I would word it a little differently.  My understanding

25      is that the board cannot refer any matter to the county

30

1    attorney under those two provisions prior to finishing

2    its own investigation.  I don't believe it necessarily

3    prevents someone from filing a complaint directly with

4    the county attorney, but I don't believe the board could

5    refer a matter until it had closed its own

6    investigation.

7  Q  So again referencing to Minnesota Statute 10A.022,

8    subdivision 7, that provision of statute restricts the

9    authority of the board to make a referral to a county or

10   city prosecutor, but it does not restrict the county or

11   city prosecutor from taking action on its own; is that

12   correct?

13 A  That's my understanding, yes, sir.

14 Q  Okay.  Based on that understanding, would it be your

15   view that a county prosecutor could initiate an

16   investigation and a potential criminal prosecution for

17   violation of 211B.15, Subdivision 6(b) or Subdivision

18   7(b) without the requirement of a referral from the

19   board?

20            MS. KIMBLE:  Objection.  Legal

21   conclusion.

22            You can answer.

23 A  That's my understanding, sir.

24 BY MR. BOYD:

25 Q  Thank you.

1

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Case No.: 0:23-cv-02015 (ECT/DJF)

- - - - - - - - - - - - - - - - - - - - - - - - - - - -
Minnesota Chamber of Commerce, a Minnesota
nonprofit corporation,

                          Plaintiff,

  v.

John Choi, in his official capacity as County Attorney
for Ramsey County, Minnesota; George Soule, in his
official capacity as Chair of the Minnesota Campaign
Finance and Public Disclosure Board; David Asp, in his
official capacity as Vice Chair of the Minnesota
Campaign Finance and Public Disclosure Board; Carol
Flynn, in her official capacity as Member of the
Minnesota Campaign Finance and Public Disclosure Board;
Margaret Leppik, in her official capacity as Member of
the Minnesota Campaign Finance and Public Disclosure
Board; Stephen Swanson, in his official capacity as
Member of the Minnesota Campaign Finance and Public
Disclosure Board; and Faris Rashid, in his official
capacity as Member of the Minnesota Campaign Finance and
Public Disclosure Board,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Deposition of

JEFFREY SIGURDSON

Monday, January 8, 2024

9:05 a.m.

Court Stenographer:
Myrina A. Kleinschmidt, RMR, CRR, CRC