UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Minnesota Chamber of Commerce, a Minnesota nonprofit corporation, | Court File No. 23-cv-02015 (ECT/JFD) |
| Plaintiff, | |
| vs. | |
| John Choi, et al., | |
| Defendants. | |

## JOINT MOTION REGARDING CONTINUED SEALING

Documents have been filed under temporary seal in connection with the following motions:

**DOCKET 128 – Plaintiff's Motion for Summary Judgment**

**DOCKET 144 – State Defendants' Motion for Summary Judgment**

Pursuant to LR 5.6, Defendants submit this Motion Regarding Continued Sealing.

| DKT. NO. | DKT. NO. OF REDACTED VERSION (IF FILED) | DESCRIPTION OF DOCUMENT | PRECISELY IDENTIFY: a) The information that the parties agree should remain sealed; b) The information the parties agree should be unsealed; and c) The information about which the parties disagree. | NONPARTY THAT DESIGNATED DOC. CONFIDENTIAL (IF ANY) | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| 132 | 130-16 | SEALED Exhibit P to Boyd Declaration | Plaintiff's position: Testimony at lines 111:20-25; 113:1-23 should remain under seal.<br><br>State Defendants' position: All under seal testimony should be unsealed. | SPS Commerce, Inc. | Plaintiff's position: The testimony identified in Exhibit P should remain sealed because it was marked confidential by a non-party pursuant to the protective order governing this case, and involves sensitive information about SPS's procedures for sharing information with shareholders and SPS's confidential potential political spending plans.<br><br>State Defendants' position: The information is not proprietary or sensitive and should be unsealed. |
| 132-1 | 130-17 | SEALED Exhibit Q to Boyd Declaration | Plaintiff's position: Testimony at lines 41:11-42:18; 96:14-99:9 should remain under seal.<br><br>State Defendants' position: All under seal testimony should be unsealed. | | Plaintiff's position: The testimony identified in Exhibit Q should remain sealed because it includes a discussion of the confidential and sensitive business operations of the Plaintiff, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | including the means by which political advocacy efforts are undertaken by the Plaintiff and the amount of money budgeted for political initiatives.<br><br>State Defendants' position: The information is centrally relevant to facts Plaintiff put at issue in this lawsuit, and Plaintiff has already publicly filed (several times) information about transfers to Pro Jobs Majority. *See, e.g.*, ECF Nos. 61 ¶ 37, 134 ¶¶ 17-20. One portion of the under seal transcript was counsel probing the factual basis of a factual statement in a declaration: ECF No. 61 ¶ 23. |
| 132-2 | 130-19 | SEALED Exhibit S to Boyd Declaration | Plaintiff's position: Testimony at lines 32:4-25 should remain under seal.<br><br>State Defendants' position: State Defendants have no objection to Plaintiff's position that testimony at lines 32:4-25 should remain under seal. | Lake of the Woods Cannabis Co. | Plaintiff's position: The testimony identified in Exhibit P should remain sealed because it was marked attorneys' eyes only by a non-party pursuant to the protective order governing this case, and the sensitive information includes Lake of the |

3

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Woods's future confidential business plans.<br><br>State Defendants' position: State Defendants have no objection to Plaintiff's position that testimony at lines 32:4-25 should remain under seal. |
| 132-3 | | SEALED Exhibit U to Boyd Declaration, produced in native format | Plaintiff's position: The entire exhibit should remain sealed.<br><br>State Defendants' position: State Defendants have no objection to Plaintiff's position that the entire exhibit should remain sealed. | SPS Commerce, Inc. | Plaintiff's position: Exhibit U should remain sealed because it was marked attorneys' eyes only by a non-party pursuant to the protective order governing this case, and it names the sensitive and confidential identities of shareholders.<br><br>State Defendants' position: State Defendants have no objection to Plaintiff's position that the entire exhibit should remain sealed. |
| 146 | 147 | SEALED Memorandum re [128] State Defs' Motion for Summary Judgment | Plaintiff's position: The Plaintiff does not believe Docket Number 128 must remain under seal.<br><br>State Defendants' position: State Defendants agree Docket Number 128 can be unsealed. | SPS Commerce, Inc.; Deeloh Technologies, Inc. d/b/a Extempore | Plaintiff's position: None of the information directly cited in quotations in the State Defendant's brief has been marked confidential or attorneys' eyes only. |

4

| | | | | | |
|---|---|---|---|---|---|
| | | | | | State Defendants' position: State Defendants agree Docket Number 128 can be unsealed. |
| 150 | 149-3 | SEALED Exhibit 3 to Kimble Declaration | Plaintiff's position: The testimony at lines 61:15-25; 65:1-25; 82:15-25 should remain under seal.<br><br>State Defendants' position: State Defendants do not believe ECF No. 150 at p. 7 (testimony at lines 61:15-25) should remain sealed, but do not object to the rest remaining sealed. | Deeloh Technologies, Inc. d/b/a Extempore | Plaintiff's position: The testimony identified in Exhibit 3 should remain sealed because it was marked attorneys' eyes only by a non-party pursuant to the protective order governing this case, and it names the sensitive and confidential identities of shareholders.<br><br>State Defendants' position: The information (on ECF No. 150 at p. 7, testimony at lines 61:15-25) identifies current board members; according to the testimony, the information is public.  It is also on Extempore's website.   This appears to be public and should not remain under seal.  State Defendants do not object to the rest remaining sealed. |
| 150-1 | 149-4 | SEALED Exhibit 4 to Kimble Declaration | Plaintiff's position: The testimony at lines 21:15-22:18; 100:14-101:4; 102:15-25; 114:8-18 should remain under seal. | SPS Commerce, Inc. | Plaintiff's position: The testimony identified in Exhibit 4 should remain sealed because it was |

5

| | | | | | |
|---|---|---|---|---|---|
| | | | State Defendants' position: State Defendants do not believe this should remain sealed. | | marked confidential by a non-party pursuant to the protective order governing this case, it names the sensitive and confidential identities of shareholders., and it explains SPS's confidential spending and budgeting strategy with regard to political expenditures. <br><br> State Defendants' position: The information should not be under seal as it is not proprietary, is centrally relevant to the case, and is put at issue by ECF No. 62 ¶¶ 8-9, 20-21. |
| 150-2 | 149-5 | SEALED Exhibit 5 to Kimble Declaration | Plaintiff's position: The testimony at lines 37:1; 77:1-25; 97:20-25; 109:19-21; 110:5-6 should remain under seal. <br><br> State Defendants' position: State Defendants do not object to Plaintiff's position that the testimony at lines 37:1; 77:1-25; 97:20-25; 109:19-21; 110:5-6 should remain under seal. | Lake of the Woods Cannabis Co. | Plaintiff's position: The testimony identified in Exhibit 5 should remain sealed because it was marked attorneys' eyes only by a non-party pursuant to the protective order governing this case, the information names the sensitive and confidential identities of shareholders, and it contains Lake of the |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Woods's future sensitive and confidential business plans.<br><br>State Defendants' position: State Defendants do not object to Plaintiff's position that the testimony at lines 37:1; 77:1-25; 97:20-25; 109:19-21; 110:5-6 should remain under seal. |
| 161 | 162 | | SEALED Reply Memorandum re [144] State Defs.' Motion for Summary Judgment | Plaintiff's position: The Plaintiff does not believe Docket Number 161 must remain under seal.<br><br>State Defendants' position: State Defendants agree Docket Number 161 can be unsealed. | Lake of the Woods Cannabis Co. | Plaintiff's position: The information quoted does not include the identity of the confidential shareholder at issue, and therefore there is no need to seal the document.<br><br>State Defendants' position: State Defendants agree Docket Number 161 can be unsealed. |
| 164 | | | SEALED Exhibit 9 to Kimble Declaration | Plaintiff's position: All of the testimony in ECF 164 should remain under seal.<br><br>State Defendants' position: State Defendants do not object to ECF No. 164 remaining under seal. | Lake of the Woods Cannabis Co. | Plaintiff's position: The testimony identified in ECF 164 should remain sealed because it was marked attorneys' eyes only by a non-party pursuant to the protective order governing this case, the information names the sensitive and confidential identities of |

|  |  |  |  |  | shareholders, and it contains Lake of the Woods's confidential and sensitive decision making process for political spending.<br><br><u>State Defendants' position</u>: State Defendants do not object to ECF No. 164 remaining under seal. |

| | |
|---|---|
| Dated: October 10, 2024 | **WINTHROP & WEINSTINE, P.A.**<br><br>s/ Cianna G. Halloran<br>Thomas H. Boyd, #0200517<br>Tammera R. Diehm, #0327566<br>Kyle R. Kroll, #0398433<br>Jordan E. Mogensen, #0400919<br>Cianna G. Halloran, #0402841<br>225 South Sixth Street<br>Suite 3500<br>Minneapolis, Minnesota 55402<br>(612) 604-6400<br>tboyd@winthrop.com<br>tdiehm@winthrop.com<br>kkroll@winthrop.com<br>jmogensen@winthrop.com<br>challoran@winthrop.com<br><br>ATTORNEYS FOR PLAINTIFF |
| Dated: October 10, 2024 | KEITH ELLISON<br>Attorney General<br>State of Minnesota<br><br>s/ Janine Kimble<br>JANINE KIMBLE (#0392032)<br>MATT MASON (#0397573)<br>NATHAN HARTSHORN (#0320602)<br>Assistant Attorneys General<br><br>445 Minnesota Street, Suite 1400<br>St. Paul, Minnesota 55101-2131<br>(651) 757-1415 (Voice)<br>(651) 297-7206 (TTY)<br>janine.kimble@ag.state.mn.us<br><br>ATTORNEYS FOR STATE DEFENDANTS |

|#5910011-v1